**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | **Criminal Action No.** |
| | ) | **5:16-cr-00040-DCR-MAS-1** |
| **v.** | ) | **and** |
| | ) | **Civil Action No.** |
| **DANIEL SEXTON,** | ) | **5:19-cv-00438-DCR-MAS** |
| | ) | |
| **Defendant/Movant.** | ) | |
| | ) | |

## REPORT & RECOMMENDATION

This matter is before the undersigned on Petitioner Daniel Sexton's ("Sexton") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. Sexton alleges his counsel was ineffective. [DE 304]. The United States responded in opposition [DE 311], and Sexton filed a reply [DE 313]. After reviewing the record in its entirety, the Court recommends Sexton's motion be denied for the reasons stated below.

## I.    RELEVANT FACTUAL BACKGROUND

On June 2, 2016, Sexton appeared before the Court on an indictment charging him with aiding, abetting, and conspiracy to commit bank fraud. [DE 31; DE 1 (Indictment)]. On February 3, 2017, Sexton pleaded guilty to the first count of the Indictment charging him with conspiracy to commit bank fraud pursuant to a plea agreement with the United States. [DE 154 (Plea Agreement); DE 152 (Rearraignment)]. In return, the United States agreed to dismiss the remaining counts for aiding and abetting. [DE 154; DE 229 (Sentencing)].

Ultimately, Sexton was sentenced to 109 months imprisonment and 5 years of supervised release. [DE 230 (Judgment)]. Sexton appealed to the Sixth Circuit Court of Appeals [DE 231],

1

but his appeal was denied.  [DEs 289, 291].  Sexton filed a writ of certiorari to the Supreme Court of the United States, which was also denied.  [DEs 292, 295].  Sexton then timely filed the present Motion to Vacate, Set Aside, or Correct a Sentence on October 31, 2019.  [DE 304].

## II.    ANALYSIS

In his motion, Sexton advances two general arguments as to why his sentence should be set aside.  First, Sexton contends that his counsel was ineffective for failing to investigate the claims against him.  [DE 304, at Page ID # 1389].  Second, Sexton argues his counsel failed to effectively prepare for and represent him at sentencing.  [*Id.*].  Sexton also requests an evidentiary hearing.  [*Id.* at Page ID # 1395].  The Court will address each of these arguments below.

### A.    STANDARD FOR CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on a § 2255 motion, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).  One such possible claim of constitutional error is a claim of ineffective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984).  To prevail on a claim of ineffective assistance of counsel, petitioner must prove (1) that their counsel's performance was deficient, and (2) that petitioner suffered prejudice due to said deficiency.  *Id*. at 687.  Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 687-88.  A showing of prejudice requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different."  *Id*. at 694-95.  Petitioner must adequately fulfill both components of the analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'"  *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

2

B.    <u>CLAIMS OF FAILURE TO INVESTIGATE</u>

Sexton's primary claim contends that his former counsel, G. Scott Hayworth ("Hayworth"), failed to investigate and "did not do what should have been done in the fight of Sexton's life." [DE 30, at Page ID # 1390]. Sexton states that Hayworth barely met with him and never showed him "the evidence that was allegedly arrayed against him." [*Id.*]. Despite this lack of involvement, Sexton confidently asserts Hayworth "never deposed a single witness, got a single affidavit from anyone, [and] never interviewed several key witnesses[.]" [*Id.* at Page ID # 1393]. Sexton cites "Wanna", a "Spanish speaking secretary," and his girlfriend as witnesses that Hayworth neglected to depose and whose testimony would have changed the outcome of Sexton's case. [DE 304, at Page ID # 1391, 1394].

The decision of counsel to choose one strategy over another is "virtually unchallengeable". *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 849 (6th Cir. 2017) (quoting *Buell v. Mitchell*, 274 F.3d 337, 359 (6th Cir. 2001)). To meet the *Strickland* standard, a defendant must show that counsel's strategy prejudiced him or her. *See Leonard*, 846 F.3d at 849; *see also Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (stating that proving prejudice under *Strickland* involves an "exacting standard" of showing that, but for counsel's failure, there is a reasonable probability that the outcome would have been different). Likewise, "[c]ounsel does not fall below [the *Strickland*] standard by failing to prevail when arguing a debatable point to the court*." Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009).

Specifically, a claim of counsel's failure to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Hassan*, Nos. 12-cr-20523, 14-cv-11592, 2014 WL 5361942, at *5 (E.D. Mich. Oct. 21, 2014) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Likewise, "'a *Strickland* claim based on counsel's failure to investigate a potential witness requires a specific, affirmative

showing of what the missing witness' testimony would be, and this typically requires an affidavit from the overlooked witness.'" *Id.* (quoting *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012)). Sexton has the burden to "the identity and availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different, more favorable result at trial." *United States v. Turek*, No. 5:11-CR-29-JMH-HAI, 2015 WL 5838479, at *6 (E.D. Ky. Oct. 6, 2015) (quoting *Talley v. United States*, No. 1:00-CV-74, 2006 WL 3422997, at *9 (E.D. Tenn. Nov. 27, 2006)). Mere speculation that an alternative strategy would have altered the judicial outcome is not sufficient. *Hodge*, 579 F.3d 640 ("Hodge's speculation that his testimony would have left a favorable impression with the jury does not demonstrate the required prejudice under *Strickland*.").

First, Sexton accepted a plea agreement. [DE 154 (Plea agreement)]. Sexton does not ever allege that his plea agreement was entered involuntarily, unknowingly, or unintelligently. Nor does the record suggest such. [*See* DE 261 (Rearraignment, including plea colloquy)]; *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."). Therefore, Sexton fails to show how not utilizing testimony caused him prejudice, as he admitted to the very facts that he proposes the neglected testimony would have contradicted. Secondly, Sexton fails to provide an affidavit from "Wanna" or his girlfriend. Outside that name and title, Sexton provides no evidence of the witnesses' existence nor elaborates on their identities. While Sexton explains how these witnesses *may* have been beneficial, he provides nothing more than "self-serving speculation" which cannot "sustain an ineffective assistance claim." *United States v. Slater*, 2011

WL 7168921, *11 (E.D. Ky. Dec. 5, 2011) (quoting *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)).

Because Sexton cannot meet the prejudice prong of *Strickland*, the Court recommends denial of the relief sought.

## C.   CLAIMS CONCERNING SENTENCING

Sexton's arguments regarding Hayworth's performance at sentencing are similar to those raised above. Sexton claims that Hayworth failed to "fully represent him at sentencing." [DE 304, at Page ID # 1393]. He asserts that Hayworth failed to prepare him for the hearing. [*Id.*]. Sexton believes that Hayworth's failure to utilize an expert to "discover who did what and with what documents during the case" was ineffective assistance. [*Id.*]. Similarly, Sexton disagrees with Hayworth's choice to not allow Sexton's girlfriend to testify that some of Sexton's fraudulent behavior was "not intended to be used for any bank." [*Id.* at Page ID # 1394]. Though Hayworth employed a private investigator, the fact that "not a single piece of evidence was ever uncovered by this person for use in the case" also amounted to ineffective assistance, according to Sexton. [*Id.*]. Generally, Sexton again claims that Hayworth failed to investigate his case fully, and that this prejudiced him at sentencing. [*Id.*].

Sexton's complaints here suffer from the same deficiencies as his complaints concerning his pre-sentencing representation. Sexton's belief that he was inadequately prepared is without supporting evidence or its prejudicial effects. Such conclusory statements fail to meet the *Strickland* standard. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (acknowledging that conclusory statements are insufficient to warrant habeas relief). *See also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (holding that a "conclusory statement" without more is "wholly insufficient to raise the issue of ineffective assistance of counsel"). Further, Sexton's declaration that Hayworth failed to investigate his case

5

is immediately undercut by Sexton admitting to the use of a private investigator. The investigator's failure to find mitigating evidence Sexton believes exists, while unfortunate for him, is not an indication of Hayworth's poor performance as an attorney. Rather, it suggests the contrary and that the investigator could not discover facts beneficial to Sexton. Sexton's claim the he "suffered prejudice as a result of counsel's failure to discover this alleged unidentified information" is "insufficient to demonstrate counsel was ineffective. *United States v. Goforth*, No. 1:03-CR-73, 2006 WL 3245742, at \*10 (E.D. Tenn. Nov. 7, 2006).

Moreover, as mentioned previously, Hayworth's decisions to not utilize an expert or witness at sentencing is a "virtually unchallengeable" strategic decision. *Leonard,* 846 F.3d at 849. Hayworth also explained the reason for his decision in a sworn affidavit, stating that calling such a witness to introduce mitigating evidence "would have been inconsistent with Sexton's acknowledgements in […] his plea agreement" regarding the acceptance of responsibility. [DE 311-1, at Page ID # 1446]. In Hayworth's professional opinion, adopting Sexton's strategy could have easily prejudiced Sexton and lost him his acceptance of responsibility credit. The record supports Hayworth's approach, with the Court stating Sexton was "really close to losing acceptance of credit" due to Sexton diminishing his culpability in comments made at sentencing. [DE 262, at Page ID # 1131-33; *see also* DE 304, at Page ID # 1391 (Sexton admitting he "backtracked on his guilt to the point of the Court openly thinking removing any point reductions for acceptance of responsibility.")]. Thus, Hayworth's decision-making was sound and fell well within "the wide range of reasonable professional assistance" presumed by courts. *United States v. Dado*, 759 F.3d 550, 563 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688).

Accordingly, Sexton's second ground for relief is meritless.

6

**D.** <u>**REQUEST FOR AN EVIDENTIARY HEARING**</u>

Finally, Sexton requests an evidentiary hearing.  He provides no justification for the request outside of the grounds raised in his opinion, generally.  [DE 304, at Page ID # 1395; DE 313, at Page ID # 1460].  The Court finds an evidentiary hearing unnecessary because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b); *see Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).  Thus, the Court recommends Sexton's request be denied.

## III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255).  In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly,

7

it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV.    **RECOMMENDATION**

For the reasons stated herein, the Court **RECOMMENDS** that:

1) the District Court **DENY**, with prejudice, Defendant's § 2255 motion [*See* DE 304]; and

2) the District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 24th day of February, 2020.



**Signed By:**

**Matthew A. Stinnett**

**United States Magistrate Judge**

8