UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 16-40-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 19-438-DCR |
| ) | |
| DANIEL SEXTON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Defendant Daniel Sexton has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting two claims of ineffective assistance of counsel. [Record No. 304] The motion was referred to United States Magistrate Judge Matthew Stinnett for the issuance of a Report and Recommendation in accordance with 28 U.S.C. § 636(b). Magistrate Judge Stinnett has recommended that the Court deny Sexton's motion. [Record No. 314]

This Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Sexton filed timely objections to the Report and Recommendation. [Record No. 315] Having considered the record, this Court agrees with Magistrate Judge Stinnett's recommendation; therefore, Sexton's § 2255 motion will be denied.

I.

Sexton operated multiple businesses in central Kentucky, along with his co-defendants. Defendant Sheila Flynn worked as an office manager for Sexton. Sexton and his co-defendants

- 1 -

secured loans for his businesses from certain banks by misrepresenting the businesses' assets as well as the identity of the true borrowers. The total amount of funds disbursed from the banks was $8,160,400.00 for the fraudulent loans.

Sexton and his co-conspirators were later charged with multiple offenses. On February 3, 2017, Sexton pleaded guilty to conspiring to commit bank fraud in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1344(1). [Record No. 152] His Presentence Investigation Report ("PSR") included a four-level increase to the offense level calculation for being an organizer or leader under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(a). [Record No. 233] Sexton was sentenced to a term of imprisonment of 109 months and ordered to pay $2,637,058.32 in restitution. A $12,500.00 fine also was imposed. [Record No. 230]

Sexton appealed the judgment, arguing that the Court incorrectly increased his criminal history score, incorrectly applied the organizer/leader enhancement, and imposed a sentence that was procedurally and substantively unreasonable. The United States Court of Appeals for the Sixth Circuit, however, affirmed his judgment and sentence. [Record No. 289] Sexton later petitioned the United States Supreme Court for a writ of certiorari but that relief was denied. [Record No. 295]

Sexton then filed the present motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 304] He argues that his counsel was ineffective because he failed to investigate his case and failed seek witnesses to testify on his behalf. Sexton further asserts that his counsel was ineffective during sentencing by failing to present mitigating evidence and failing to prepare him for the sentencing hearing.

Magistrate Judge Stinnett has issued a Report and Recommendation, recommending that the Court deny the defendant's motion because Sexton cannot demonstrate how he was

prejudiced by counsel's alleged failure to investigate his case. [Record No. 314] Additionally, he concludes that Sexton's claim that his counsel failed to prepare for the sentencing hearing is meritless. [*Id*.] Sexton filed objections to the Report and Recommendation. [Record No. 315] He generally objects to the magistrate judge's recommendation because he believes that the manner of representation has "diminished over the years." [*Id*. at 3] Sexton also files three specific objections. First, he objects to the decision that an evidentiary hearing is not required. [*Id*. at 4] Second, he disputes the conclusion that his counsel was not ineffective for failing to investigate the matter. [*Id*.] He now contends there were multiple witnesses who could testify that he was not the one "doing all this weird stuff." [*Id*. at 8] And finally, he objects to the magistrate judge's determination that his counsel was prepared for the sentencing hearing.

## II.

To prevail on a § 2255 claim, a movant must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). A defendant's right to effective assistance of counsel is violated when defense counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley,* 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Wynn,* 663 F.3d 845, 851 (6th Cir. 2011). A court "must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The standard is highly deferential to counsel. *Id*.

As noted above, Sexton asserts that his counsel failed to "generally investigate the facts" because he believes he did not depose or interview any witnesses. [Record No. 304, p. 6] He contends that, if Attorney Hayworth had interviewed "Wanna" and his girlfriend, it would have changed the outcome of his case. Additionally, he mentions in his objections that there were other witnesses who could have testified that he was not involved in "all the weird stuff." [Record No. 315, p. 8] Sexton also asserts that Hayworth only met with him about five times and never shared what documents were fraudulent. [*Id*. at 6]

"[A] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Pratt*, No. 7: 15-10-DCR, 2019 U.S. Dist. LEXIS 34495, at *7 (E.D. Ky. Mar. 4, 2019) (citing *United States v. Hassan*, Nos. 12-cr-20523, 14-cv-11592, 2014 U.S. Dist. LEXIS 150258, at *5 (E.D. Mich. Oct. 21, 2014)). Further, if a defendant alleges that counsel failed to call a witness, he must "at the very least . . . submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to the defense." *United States v. Turek*, No. 5:11-CR-29-JMH-HAI-1, 2015 U.S. Dist. LEXIS 136102, at *16 (E.D. Ky. Aug. 18, 2015) (quoting *Talley v. United States*, No. 1:00-cv-74, 2006 U.S. Dist. LEXIS 86401, at *10 (E.D. Tenn. Nov. 27, 2006)). "A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *See United States v. Guzman*, No. 5:16-cr-41-JMH-EBA-1, 2019 U.S. Dist.

LEXIS 147035, at *8-9 (E.D. Ky. Aug. 29, 2019) (quoting *United States v. Slater*, No. 5:05-CR-38-JBC, 2011 U.S. Dist. LEXIS 152895, at *11 (E.D. Ky. Dec. 5, 2011)).

Here, Sexton cannot demonstrate that his counsel was ineffective for allegedly failing to investigate the matter. Attorney Hayworth submitted an affidavit explaining that he met with Sexton fifteen times at his office and had multiple phone conversations with him regarding his case. [Record No. 311-1, pp. 1-2] Hayworth further explained that Sexton had a standing invitation to review discovery materials at his office. [*Id*. at 2] Hayworth also discussed with Sexton how the evidence of his signature on multiple loan documents, meetings with bankers and loan sources, and participating in the forged airplane appraisal would undercut a defense of not knowing what was happening or that Sexton had a reduced role in the scheme.[1] Conversely, Sexton did not provide affidavits from the individuals whom he believes would have provided favorable testimony. *Guzman*, 2019 U.S. Dist. LEXIS 147035, at *8-9. More specifically, he has not shown or explained how the testimony of "Wanna" and his girlfriend would have influenced the outcome of his case. If fact, Sexton does not even include the names of additional witnesses who could have testified on his behalf. And contrary to the position taken in his current motion, Sexton stated under oath during his plea colloquy that he was "absolutely" satisfied with the advice and representation of his attorney. [Record No. 261, p. 8] Additionally, Sexton affirmed that he fully discussed his case and charges with his attorney. [*Id*.]

---

[1] As the Sixth Circuit explained in the context of the leadership enhancement, "Sexton was not a mere owner or operator of the businesses. Sexton knew of the role his businesses and employees played in the scheme, allowed the scheme to continue, participated in the scheme, and benefitted from the scheme both personally and as owner and operator of those businesses." [Record No. 289, p. 8]

Sexton also now claims that Hayworth did not properly prepare him for the sentencing hearing and failed to present mitigating evidence during the hearing. [Record No. 304, p. 9] He asserts that he was never informed that he could use an expert and only met with Hayworth for a few minutes briefly before the sentencing proceeding. Sexton also contends that Hayworth had to guess what Flynn meant by her testimony because he had not adequately prepared. And he acknowledges that Hayworth used a private investigator, but the investigator failed to discover any mitigating evidence.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (quoting *Strickland*, 466 U.S. at 690)). Hayworth's decision not to provide further evidence during the sentencing hearing clearly was a strategic choice. Hayworth explains that he met with Sexton twice in the six days before the sentencing hearing to discuss the procedures for the hearing and explained what to expect. [Record No. 311-1, p. 4] He also noted he discussed Flynn's testimony with Sexton and affirmed that he interviewed her personally before she testified at the sentencing hearing. Hayworth explains he made the choice not to present mitigating evidence because of his "belief that the pursuit of this line of inquiry would not have proven mitigating at all. [Instead,] Such an approach would have been inconsistent . . . with his plea agreement." [*Id*. at 5] Hayworth explains that presenting mitigating evidence of the nature advocated by Sexton could likely have resulted in loss of acceptance of responsibility and a correspondingly higher guideline range. [*Id*. at 6] This backdrop of information reinforces the conclusion that the decision not to present evidence during the sentencing hearing was not only a strategic decision, but a correct one.

For both of his claims of ineffective assistance of counsel, Sexton has not shown that, but for counsel's alleged errors, he would have chosen to go to trial rather than plead guilty. In short, Sexton cannot show prejudice and his claims of ineffective assistance of counsel fail.

**III.**

Sexton also asks for an evidentiary hearing and objects to the magistrate judge's conclusion that he was not entitled to such. [Record Nos. 313, 315] The Court may deny a petitioner's § 2255 motion without a hearing if the record "conclusively shows that a defendant is entitled to no relief." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); 28 U.S.C. § 2255(b). Further, no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir. 1994). Here, Sexton's claims are contradicted by the record and most are conclusory statements. Additionally, even taking his statements as true, Sexton has not demonstrated that he was prejudiced by Hayworth's performance. Accordingly, the request for an evidentiary hearing will be denied.

**IV.**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find this Court's assessment debatable or

wrong because Sexton has failed to demonstrate that he was prejudiced by counsel's alleged ineffective assistance of counsel. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 314] is **ADOPTED IN FULL** and **INCORPORATED** by reference.

2. Defendant Sexton's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2225 [Record No. 304] is **DENIED**. His claims are **DISMISSED**, with prejudice.

3. A Certificate of Appealability will not issue.

4. Sexton's request for an evidentiary hearing is **DENIED**.

5. Sexton's objections to the Report and Recommendation [Record No. 315] are **OVERRULED**.

Dated: March 17, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky